UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jack Knight and Susan Knight, ) | | |
|                 Plaintiffs ) | | |
| ) | | |
| v. ) | | Case No. 08-4046 |
| ) | | |
| Dean Beckler, et al, ) | | |
|                 Defendants ) | | |

**ORDER and OPINION**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court are two motions to dismiss (#179 and 180). The motions are fully briefed, and I have carefully considered the arguments presented. As discussed below, the motions are DENIED.

This action involves two consolidated cases, 08-4046 and 10-4039. The first motion to dismiss concerns Count IV of the Amended Third Party Complaint for contribution (Doc. #173) in 10-4039; the second motion to dismiss concerns Count IV of the Second Amended Third Party Complaint for contribution (#172) in 08-4046. The motions are substantively identical and for simplicity's sake will be dealt with as a single motion.

**MOTIONS TO DISMISS GENERALLY**

In the Supreme Court's two most recent articulations of the standards that govern motions to dismiss, the Court has made it clear that, while notice pleading is still the rule, a plaintiff is obliged to plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1964 -1965 (2007). The complaint must include enough factual allegations to "to raise a right to relief above the speculative level," because:

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965.

In the second case, Ashcroft v. Iqbal, - US -, 129 S.Ct. 1937 (2009), the Court emphasized that Twombly was based on two "working principles." First, a court need not accept as true allegations that are mere legal conclusions, or threadbare recitals of the elements of a claim, supported by mere conclusory statements. Second, only a "plausible" claim for relief will survive a motion to dismiss. Determining if a complaint is plausible requires the court to be "context specific". The analysis is to begin by eliminating from consideration any "conclusions" and then determining whether the facts alleged are equally indicative of legal conduct as of illegal conduct. In order to tip the scale in favor of plausibility, the facts must reasonably suggest illegal conduct. Moreover, if a plaintiff is "armed with nothing more than conclusions," he is not entitled to discovery to attempt to discover facts that might support a purely speculative claim. Id. at 1949.

The Seventh Circuit has summarized the meaning of the "plausibility" standard. In In re Text Messaging Antitrust Litigation, - F.3d -, Case No. 10-8037, 2010 WL 5367383, Dec. 29, 2010 (7th Cir.), the Court of Appeals noted:

> The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." 129 S. Ct. at 1949. This is a little unclear because plausibility, probability, and possibility overlap. Probability runs the gamut from a zero likelihood to a certainty. What is impossible has a zero likelihood of occurring and what is plausible has a moderately high likelihood of occurring. The fact that the allegations undergirding a claim could be true is no longer enough to save a complaint from being dismissed; the complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as "preponderance of the evidence" connote.

2010 WL 5367383, *6. See also, Ray v. City of Chicago, - F.3d -, Case No. 09-3719, 2011 WL 13862, Jan. 5, 2011 (7th Cir.); Bonte v. U.S. Bank, N.A., 624 F.3d 461, 463 (7th Cir. 2010)

**DISCUSSION**

*BACKGROUND*

This case arose out of a motor vehicle accident involving a semi tractor and the attached trailer. As is pertinent here, one of the allegations of negligence relates to alleged defective brakes on the trailer.

In Count IV of each of these complaints, Smithway Motor Express Inc. ("Smithway") has alleged a cause of action for spoliation of evidence against MPC Enterprises Inc., d/b/a Midwest Precast Company ("MPC"). The claim asserts the following facts which, for purposes of these motions are presumed to be true.

Immediately after the accident that gave rise to this lawsuit, MPC had possession of the trailer involved in the accident. Several days after the accident, on August 5, 2008, Smithway sent a letter to MPC. As stated in the letter, its purpose was to place MPC on notice "of your company obligation to preserve any and all physical evidence within your company's possession relating to the accident." The letter went on to state that "evidence ... includes your trailer and its component parts, including the vehicle's brake system." Smithway "strongly urge[d] that no efforts be undertaken to modify, repair or alter your trailer from its present state." Smithway offered to bear the expense of storage.

On November 24, 2008, the Third-Party Complaint for contribution against MPC was filed; the complaint specifically alleged that the accident was caused in whole or in part by the trailer's defective brakes. On December 22, 2008, MPC entered its appearance in the case.

On July 31, 2009, an inspection of the trailer was arranged by MPC. The day before the inspection, attorneys for MPC advised counsel for the other parties in the case that the trailer was

in the possession of Illini Precast[1] and that Illini Precast had made repairs to the brakes on May 19, 2009, after which the trailer had been placed back into service.

*SPOLIATION GENERALLY*

Under Illinois law, there is no separate tort of spoliation. Rather, the tort is stated under general negligence principles, and it requires pleading and proof of the traditional elements of the tort of negligence: duty, breach, causation and damages. Boyd v. Travelers Ins. Co., 652 N.E.2d 267 (Ill.1995).

Similarly, there is no general duty to preserve evidence. Id. at 271. Such a duty may arise through an agreement, a contract, a statute, or under some other special circumstance. Id. In any of those instances, a duty of due care to preserve evidence arises if "a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." Id..

In Dardeen v. Kuehling, 821 N.E.2d 227 (Ill. 2004), the Supreme Court explained and applied the holding in Boyd. Dardeen arose when a newspaper carrier fell in a hole on a brick sidewalk outside defendant's home, breaking his elbow. The homeowner spoke to her insurance agent after the fall, telling him that the bricks on the sidewalk were uneven and asking if she could remove the bricks before someone else was hurt. The agent told her it was fine. No photographs were taken of the hole, and the plaintiff's description of it varied markedly from the defendant's.

A year later, Dardeen sued, naming not just the homeowner, Kuehling, but also her insurer, State Farm. The claim against State Farm was for spoliation. Plaintiff alleged that the "hole" was material evidence and that State Farm had a duty to preserve that evidence, which arose from the

---

[1]Smithway's response to the motion states that Illini Precast and MPC are separate but closely related entities with some of the same owners. This fact is not alleged in the complaints. It is therefore not considered by the Court in resolving the instant motions.

contractual relationship between State Farm and Kuehling. The trial court granted State Farm's motion for summary judgment on the spoliation count. The appellate court reversed, finding that the contractual relationship between State Farm and Kuehling was sufficient to impose on State Farm a duty to preserve evidence. In doing so, the appellate court rejected the argument that there was no duty to preserve evidence it neither possessed nor controlled.

The Supreme Court first characterized <u>Boyd</u>'s holding as having "articulated a two-prong test for determining when there is a duty to preserve evidence." <u>Id</u>. at 231. The first prong, which the Court referred to as the "relationship prong," requires the court to determine whether such a duty arises by agreement, contract, statute, special circumstance, or voluntary undertaking. If so, then the second prong, referred to as the foreseeability prong, requires analysis of whether the duty extends to the evidence at issue by deciding whether a reasonable person should have foreseen that the evidence was material to a potential civil action. <u>Id.</u>. If and only if both prongs are satisfied does a duty to preserve evidence arise. <u>Id.</u>.

The <u>Dardeen</u> Court noted that no Illinois court had ever held that a mere opportunity to exercise control over the evidence at issue was sufficient to meet the relationship prong. Rather, the earlier spoilation cases showed that the defendant had "possessed and discarded," "gathered, tagged, and segregated," or "secured and segregated" the evidence. The Court refused to hold that possession was required in every spoliation case, but "something more" than the agent's answering the homeowner's question was required. State Farm "had neither possession nor control over Kuehling's sidewalk and, therefore, owned Dardeen no duty to preserve it." <u>Id.</u> at 233.

The <u>Dardeen</u> Court distinguished the case of <u>Shimanovsky v. GM Corp</u>., 692 N.E.2d 286 (Ill.1998), which held that a potential litigant owes a duty to take reasonable measures to preserve relevant, material evidence. At the time that Kuehling had called her insurance agent, the Court

found, as pertinent here, that State Farm could not be characterized as a potential litigant.

*DISCUSSION*

MPC asserts that neither of the two Boyd prongs has been met by the pleadings in this case. This assertion, however, consists of a single sentence: that there are no facts pled which meet the threshold determination regarding whether a duty arose in this case. (See, #180, ¶ 2, and #179 ¶ 2). "Stating blankly what one's argument is and actually arguing a position are different things." Raghunathan v. Holder, 604 F.3d 371, 378 (7th Cir. 2010). It is the duty of the moving party - not the duty of the Court - to research and develop legal argument, and it has been repeatedly held that perfunctory and undeveloped arguments are waived. See, e.g., Gross v. Town of Cicero, 619 F.3d 697, 705 (7th Cir. 2010); Judge v. Quinn, 612 F.3d 537 (7th Cir. 2010). This argument is waived.

Even were it not waived, I would find that under the circumstances, MPC voluntarily undertook to safeguard the trailer. MPC knew of the accident and of the ongoing litigation. It received a letter from Smithway's counsel setting out Smithway's position that this evidence must be preserved. At no time did MPC notify Smithway's counsel that the trailer was going to be possessed by a non-party, and at no time did MPC take any meaningful steps vis-a-vis Illini Precast to make certain that Illini Precast knew the trailer was evidence and must be preserved. It is the failure to respond to the letter that I find created the voluntary undertaking.

Moreover, given the alleged facts, a reasonable person should have foreseen that the trailer and its brakes were material to an ongoing civil action. The letter clearly set out the legal position of Smithway. MPC was a party in the litigation at the time of the transfer of the trailer to Illini Precast's possession. A reasonable person with that information would have foreseen that the trailer and its brakes were material to this lawsuit.

Next MPC argues that, even if there was a duty, there are no alleged fact to show that MPC

did anything to the trailer that breached the duty to preserve it. This assertion is based on the fact that MPC did not own the trailer. What is alleged - that MPC allowed the trailer to be removed and allowed its repair - is insufficient according to MPC, because absent ownership, MPC had no ability to control the trailer at the time of its modification.

This is a motion to dismiss, not a motion for summary judgment. Giving Smithway the benefit of the assumption of truth to the allegations in the complaint, I find that the claim for spoliation adequately pleads a plausible claim for relief. Whether the conduct of MPC in "relinquishing of possession of equipment" (Motions, ¶ 5) to a non-party without adequate assurances of preservation constituted a breach is a question that cannot be determined from the pleadings.

Finally, MPC argues that the claim must include allegations of actual damages, which in a spoliation claim means that the actions of MPC prevented Smithway from examining the issue of whether the condition of the brakes on the trailer was a causative factor in this accident. Once again, that is not something that can be decided from the pleadings. It is certainly plausible that the condition of the brakes played a role in this accident. That is all that is required.

## CONCLUSION

For the reasons stated herein, both motions to dismiss are DENIED. Amended Answers, including answers to the claims in question, shall be filed within 14 days of this date.

ENTERED ON February 9, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE